# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5206 | **DATE** | 6/18/2004 |
| **CASE TITLE** | Kenneth A. McCready vs. Jesse White, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Jesse White's Rule 12(b)(6) motion to dismiss the federal claims asserted against him (16-1) is granted, and those claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the state-law claims asserted against all defendants, which are dismissed without prejudice to refiling in state court. Defendants Automotive Body and Tire Center, Inc., Krystyna Johnson and Phil Johnson's motion to dismiss (13-1) is moot. Plaintiff's motion for sanctions against Patrick J. Maguire (28-1) is denied. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH A. MCCREADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 5206 |
| ) | Paul E. Plunkett, Senior Judge |
| ILLINOIS SECRETARY OF STATE ) | |
| JESSE WHITE, AUTOMOTIVE BODY ) | |
| AND TIRE CENTER, INC., KRYSTYNA ) | |
| JOHNSON and PHIL JOHNSON, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
JUN 2 1 2004

## MEMORANDUM OPINION AND ORDER

Kenneth McCready has sued defendants for their alleged violations of a variety of federal and state laws. The case is before the Court on defendants' motions to dismiss the amended complaint and plaintiff's motion for sanctions. For the reasons set forth below, the Court dismisses the federal claims asserted against the Secretary of State, declines to exercise supplemental jurisdiction over the state-law claims asserted against all defendants and denies the motion for sanctions.

### Background[1]

Plaintiff is in the business of, among other things, buying commercial paper on motor vehicles. Plaintiff reviews the newspaper advertisements for mechanic lien sales and then attempts

---

[1] The facts in this section are drawn from the amended complaint and plaintiff's statements at oral argument.

1

to purchase the interest of the lender through whom the owner financed the vehicle purchase. Once plaintiff has obtained that interest, he attempts to purchase the vehicle at the mechanic lien sale.

Plaintiff alleges that he has been thwarted in this process by the Secretary of State, who has refused to provide him with a title history of the vehicles advertised for sale in violation of both federal and state law. The private defendants have also impeded his efforts, plaintiffs says, by refusing to provide him with information about the sales and falsifying documents they submit to the Secretary of State about vehicles they sell. Plaintiff seeks injunctive relief against all defendants and damages from Automotive Body & Tire Center ("ABT") and the Johnsons.

## Discussion

### Motion to Dismiss – Federal Claims

Plaintiff charges the Secretary of State with violations of the Drivers Privacy Protection Act, 18 U.S.C. § 2721, et seq. ("DPPA") and 42 U.S.C. § ("section") 1983.[2] The DPPA, as its name implies, is designed to protect the privacy of personal information contained in motor vehicle records. The statute provides criminal penalties for the misuse of such information, but provides a private right of action for damages as well. That right of action, however, is only against individuals and only in favor of individuals whose personal information from motor vehicle records has been improperly disclosed or used. See 18 U.S.C. § 2724(a) ( "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring

---

[2]Plaintiff asserts no federal claims against defendants Automotive Body & Tire Center and Krystyna and Phil Johnson, but contends that the Court may exercise supplemental jurisdiction over the state-law claims he asserts against them. (See Pl.'s Resp. ABT & Johnson Mot. Dismiss at 4.)

2

a civil action in a United States district court.") The Court cannot expand by implication the limited cause of action Congress expressly provided in the statute. Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 19 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

Even if the DPPA does not provide a cause of action, plaintiff says it does create substantive rights that can be vindicated through section 1983. He contends that the following provision vests him with the right to receive title history information from the Secretary of State:

> [information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address . . . , telephone number, and medical or disability information] shall be disclosed for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle manufacturers to carry out the purposes of titles I and IV of the Anti Car Theft Act of 1992, the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305, and 321-331 of title 49. . . .

18 U.S.C. §§ 2721(b), 2725(3). Plaintiff says his requests to the Secretary fall within this provision because he seeks the information to investigate, or prevent,[3] the conversion of his interest in cars sold to satisfy mechanic liens.

There are two problems with this argument. First, it equates conversion of a security interest with motor vehicle theft, two very different kinds of misconduct. Second, it ignores the modifier found in the last sentence of the paragraph. Read with the modifier, that provision requires the

---

[3]Though plaintiff's allegations support the inference that he requests title histories on vehicles in which he already owns an interest, at oral argument plaintiff admitted that he usually seeks such information before he purchases an interest in a car.

Secretary of State to release information in connection with matters of motor vehicle theft only if it is sought *"to carry out the purposes of titles I and IV of the Anti Car Theft Act of 1992, the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305, and 321-331 of title 49."* 18 U.S.C. § 2721(b) (emphasis added). The purpose of title I of the Anti Car Theft Act is to reduce motor vehicle theft and related violence. See P.L. 102-519. The purpose of title IV of that Act is to prevent stolen vehicles from being exported to other countries. See id. Plaintiff's allegations establish that he does not seek vehicle information in furtherance of either of those goals.[4]

Plaintiff says that we read that paragraph too broadly. In his view, each of its phrases stands alone. Thus, he argues, the statute requires the Secretary of State to release information sought in connection with matters of motor vehicle . . . theft *or* in connection with matters of motor vehicle emissions *or* in connection with matters of motor vehicle product alterations, and so on. Under this interpretation, the phrase "to carry out the purposes of titles I and IV of the Anti Car Theft Act of 1992, the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305, and 321-331 of title 49" applies only to the last category of information listed: "[matters of] removal of non-owner records from the original owner records

---

[4]The purposes of the other statutes cited in that provision are: (1) to ensure that each new car has a label containing the VIN number, price, place of manufacture, and similar information (Automobile Information Disclosure Act, 15 U.S.C. § 1232); (3) to protect and improve air quality (Clean Air Act, 42 U.S.C. § 7401); (4) to reduce traffic accidents through the use of motor vehicle safety standards, to create a national motor vehicle title information system to prevent introduction of stolen vehicles into commerce, to assist consumers by developing damage susceptibility information for passenger cars, to reduce loss from damage to motor vehicles through the use of bumper standards, to prohibit odometer tampering, to create fuel economy standards and to prevent vehicle theft by creating theft prevention standards (49 U.S.C. §§ 30101, 30502, 32302, 32501, 32701, 32902, 33102). Plaintiff does not allege, nor did he argue, that he requested information to further any of these goals.

4

of motor vehicle manufacturers."

Plaintiff's argument, however, is fatally undercut by the rest of that provision, which permits, but does not require, the Secretary of State to disclose motor vehicle information "for use in connection with matters of motor vehicle . . . theft." 18 U.S.C. § 2721(b)(2). If, as plaintiff contends, the first part of the provision *requires* the Secretary to release motor vehicle information for use in connection with matters of motor vehicle theft, the second part, which *permits* its release for that purpose, would be pointless. "[W]e have a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment." In re Lifschultz Fast Freight Corp., 63 F.3d 621, 628 (7th Cir. 1995) (internal quotation marks and citation omitted). The only interpretation that gives meaning to both parts of that provision is that the Secretary is required to release information when it is requested for use in connection with matters of motor vehicle theft to carry out the purposes of the statutes listed, and is permitted to release such information when it is requested in connection with all other matters of motor vehicle theft. Because the DPPA does not vest plaintiff with any enforceable right to the information he seeks, the Secretary of State's failure to provide it cannot be the basis for a section 1983 claim. Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n., 453 U.S. 1, 19 (1981) (noting that section 1983 action cannot be premised on violation of a statute that does not create enforceable rights).

In short, plaintiff does not have a viable DPPA or section 1983 claim against the Secretary of State. His federal claims are, therefore, dismissed.[5]

---

[5]Because plaintiff seeks only prospective injunctive relief and his federal claims, though not viable, are not so frivolous as to deprive the Court of subject matter jurisdiction, they are dismissed pursuant to Rule 12(b)(6), not Rule 12(b)(1). See Dame v. State of Wisconsin Dept. of Revenue, 137 F.3d 484, 488 (7th Cir. 1998) ("[S]uits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment."); Health Cost

**State Claims**

Having dismissed plaintiff's federal claims, we decline to exercise supplemental jurisdiction over the state-law claims he asserts against the defendants. See 28 U.S.C. § 1367(c)(3) ("The district court[ ] may decline to exercise supplemental jurisdiction . . . if [it] has dismissed all claims over which it has original jurisdiction.")

**Motion for Sanctions**

Rule 11 prohibits attorneys from, among other things, misrepresenting the law or the facts in papers presented to the Court. FED. R. CIV. P. 11(b). It does not, however, prohibit a lawyer from interpreting the law and the facts in a manner favorable to his client. Id. Mr. Maguire has done only the latter. Thus, the Court has no basis for sanctioning him.

---

Controls v. Skinner, 44 F.3d 535, 537 (7th Cir. 1995) ("When both the subject matter jurisdiction of the federal court and the substantive claim for relief are based on a federal statute, dismissal for lack of subject matter jurisdiction is proper only when the allegations of the complaint are frivolous.").

## Conclusion

For the reasons set forth above, the Secretary of State's Rule 12(b)(6) motion to dismiss the federal claims asserted against him is granted and those claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the state-law claims asserted against all defendants, which are dismissed without prejudice to refiling in state court. The motion to dismiss of ABT and the Johnsons is dismissed as moot. Plaintiff's motion for sanctions against Patrick J. Maguire is denied. This is a final and appealable order.

**ENTER:**

UNITED STATES DISTRICT JUDGE
**PAUL E. PLUNKETT**

**DATED:** JUN 1 8 2004