Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5206 | **DATE** | 12/14/2004 |
| **CASE TITLE** | Kenneth McCready v. Jesse White, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for summary judgment (39-1) or for award of costs (39-2) is construed as a petition for attorney fees and costs. Plaintiff's petition for attorney fees and costs is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DEC 15 2004

KENNETH McCREADY,

    Plaintiff,

v.

ILLINOIS SECRETARY OF STATE, et al.,

    Defendants.

No. 03 C 5206
Paul E. Plunkett, Senior Judge

## MEMORANDUM OPINION AND ORDER

On June 21, 2004, this Court issued a Memorandum Opinion and Order granting Defendant White's Rule 12(b)(6) Motion to Dismiss the federal claims asserted against him. Those claims were dismissed with prejudice, and the Court declined to exercise supplemental jurisdiction over the state law claims asserted against all defendants. Defendants, Automotive Body and Tire Center, Inc., Drystyna Johnson, and Phil Johnson's Motion to Dismiss Plaintiff's Amended Complaint was moot, and Plaintiff's Motion for Sanctions against Patrick J. Maguire was denied. This was a final and appealable order terminating the case. On September 21, 2004, this Court denied Plaintiff's Motion for Reconsideration of the June 21, 2004 Order. Plaintiff has now filed a Motion for Summary Judgment asserting that he is a "prevailing party" and states he is entitled to costs and fees.

First, Plaintiff titles his motion as one for summary judgment. This label is not proper. Summary judgment is a motion in which a party must affirmatively demonstrate that there is no genuine issue of material fact that <u>would require a trial</u>. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The very mission of the summary judgment is to avoid the pleadings and to evaluate the

presented evidence to determine whether a trial is necessary. Fed R. Civ. Proc. Rule 56 (citing Moore's Federal Practice 2069(2d. Ed. 1953)). Therefore, once a case has been terminated through a final and appealable order, a motion for summary judgment is not available, and the matters that were once contemplated in the lawsuit should be considered moot. Under Illinois Law, a matter is deemed moot when no controversy remains or the issues involved cease to exist, thereby rendering it impossible for the court to grant effective relief to the complaining party. *First Nat'l Bank of Waukegan v. Kusper*, 98 Ill. 2d 226, 233-34 (1983). Here, the trial has already occurred, so the ability to pierce through the pleadings to receive judgment is not available and does not correspond to the purpose of summary judgment motions.

To address Plaintiff's concerns, we construe Plaintiff's motion as a petition for fees and costs, pursuant to Federal Rule of Civil Procedure 54(d). Under Rule 54(d)(2), "claims for attorneys' fees and related nontaxable expenses shall be made by motion, . . . must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought." FRCP 54(d)(2).

Here, even though Plaintiff filed his mislabeled motion within fourteen days of final judgment, he has not sufficiently stated any statute or rule that would entitled him to fees, nor has he estimated a fair calculation of the amount sought. Furthermore, the form that Plaintiff sought to have changed was amended to his liking in July 2004. Plaintiff had ample opportunity before the conclusion of our proceedings to ask the Court to render earlier judgement on that issue.

Finally, Plaintiff claims that even though he did not receive judgment in his favor he should

be considered a prevailing party. For purposes of 42 U.S.C. 1988, a prevailing party is one who succeeds on any significant issue in the litigation and who achieves some of the benefits sought in bringing the suit, *Henseley v. Eckerhart*, 461 US 424. The appellate court has said "[a] party can be considered a 'prevailing party' . . . when he is successful on any significant issue in the action and achieves some benefit in bringing suit." *Grossinger Motorcorp., Inc. v. American Nat'l Bank & Trust Co.*, 607 N.E.2d 1337, 1348 (Ill. App. Ct. 1993). Accordingly, parties may be considered to have prevailed when they vindicate rights without formally obtaining relief. *Gekas v. Atty. Registration & Disciplinary Com'n*, 793 F.2d 846, 849 (7th Circ. 1986). In such cases where an actual court order or judgment does not vindicate plaintiff's rights, but where a settlement is reached, a plaintiff's lawsuit must be "causally linked to the achievement of the relief obtained" in order for him to be considered as prevailing. *Harrington v. DeVito*, 656 F.2d 264, 266-267 (7th Cir. 1981). In other words, the suit must have served as a significant role in attaining the desired relief.

In a case similar to the case at hand, the plaintiff argued that had his suit never been filed, and he would not have recovered the benefits to which he was entitled which were initially denied by the Secretary of the United States Department of Health and Human Services. *Caston v. Heckler*, 1987 U.S. Dist. LEXIS 6013. The plaintiff there requested the court to find him disabled under Section 1614(a)(3)(A). *Id.* Originally, the plaintiff was denied Supplemental Security Income benefits by the Secretary of Health and Human Services because he did not qualify under the ten existing listings. *Id.* After his application and before the response, there were new listings published in the Federal Registrar and the case was remanded so that the plaintiff's disability status could be considered under the new mental impairment regulations. *Id.* Under these new regulations, the plaintiff was awarded the Supplemental Security Income benefits. *Id.* However, the Secretary of

HHS stated that just by those facts the plaintiff was not a prevailing party. *Id.* There, the court decided that the success enjoyed by the plaintiff was not the direct result of the complaint. *Id.* Therefore, the court concluded that the plaintiff's lawsuit was "the occasion of, but not a causal factor in" the defendant's action. *Id.*

Similarly, here, Plaintiff contends that his Complaint prompted the Secretary of State to change his Request for Information Form. Even though a new form ultimately was adopted, there is no causal connection to Plaintiff's Complaint and the change. In his Amended Complaint, Plaintiff admits that the Secretary of State was continually altering the form over the last several years. Furthermore, even though some of plaintiff's goals in the lawsuit were realized as a result of the form change, merely changing a form with no judicial prompting, does not necessarily equate a plaintiff achieving prevailing party status." *Palmetto Prop, Inc. v. County of DuPage*, 375 F.3d 542, 547 (7th Cir. 2004). As Defendant points out, his voluntary change in conduct, although perhaps accomplishing what Plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. (Def.'s Resp. Pl.'s Mot. Simm. J.) It has been previously advised that holding the term "prevailing party" to authorize an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties is **not** correct. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).

This Court likewise considers that in this case Plaintiff's lawsuit was of the "occasion, but not a causal factor" in defendant's lawsuit. Even though one of the objectives for which Plaintiff sought relief has been achieved, Plaintiff cannot be considered as succeeding in this lawsuit. Plaintiff's Complaint was dismissed by the Defendant's Rule 12(b)(6) Motion and the matter was determined final and appealable, both in that Order and in the denial of the Motion for

Reconsideration. Plaintiff's Complaint was not the "catalyst" that prompted the Secretary of State to change its forms. Rather, as articulated in his Amended Complaint, Plaintiff admits that Defendant was continually changing the forms and had done so many times in the last several years, which only shows that the forms were amended without ever considering Plaintiff's Complaint.

## Conclusion

Therefore, for all of the stated reasons, Plaintiff's Petition for Attorney Fees and Costs is denied.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

**DATED:** DEC 1 4 2004